UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Abel, | Case No. 17-cv-720 (JRT/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Stephani Dayton, | |
| Defendant. | |

STEVEN E. RAU, United States Magistrate Judge

This matter is before the undersigned *sua sponte* on Plaintiff Michael Abel's ("Abel") failure to abide by this Court's Order instructing him to provide updated service forms. *See* (Order Dated Feb. 12, 2018, "Feb. 2018 Order") [Doc. No. 36]. This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and District of Minnesota Local Rule 72.1. For the reasons stated below, this Court recommends that Abel's case be dismissed for failure to prosecute.

**I.    BACKGROUND**

Abel—in custody in the state of Vermont—alleges that Defendant Stephani Dayton ("Dayton") tampered with or otherwise interfered with Abel's use of his social media accounts. *See* (Am. Compl.) [Doc. No. 14 at 1]. Abel asserts damages of $300,000 stemming from Dayton's "acts of Conversion and Private Nuisance." *See* (*id.* at 2–3). Abel's application to proceed *in forma pauperis* was granted. *See* (Order Dated June 28, 2017) [Doc. No. 15]. Pursuant to its obligations under 28 U.S.C. § 1915(d), the Court issued a summons to Dayton on July 21, 2017. *See* (Summons in a Civil Action) [Doc. No. 23]. The address provided by Abel was that of a leasing office and not to Dayton specifically because Abel asserted that he "ha[s]

1

sent mail to the listed address in the past and the [leasing office] delivered the mail to the Defendant." *See* (Process Receipt & Return) [Doc. No. 25]. Service of process failed because the leasing office would not release Dayton's information or otherwise forward the summons to her. *See* (*id.*). The Court attempted service of process two more times at the location provided, ultimately requesting that the U.S. Marshals Service deliver the summons and complaint. *See* (Order Dated Sept. 19, 2017) [Doc. No. 30]; (Order Dated Dec. 4, 2017) [Doc. No. 33]. It became clear during these various service attempts that Dayton cannot be reached at the address provided. *See* (Process Receipt & Return) [Doc. No. 35] (property manager of the leasing office representing that Dayton can no longer be reached at this address). Specifically, contrary to what was implied by Abel's attempts at service, Dayton did not appear to live at the apartment complex associated with the leasing office, but merely worked there. *See* (*id.*) (stating "Dayton no longer works at 3925—[n]ew owners have taken over the property").

In light of the issues outlined above effectuating service of process, this Court entered the following order:

> Abel must submit new service forms to the Court on or before March 31, 2018, updating Dayton's address. Absent a showing of good cause, the Court will not entertain additional motions on service. If Abel is unable to provide a new address for Dayton on or before March 31, 2018—so the Court may meet its service obligations under 28 U.S.C. § 1915(d)—the Court will recommend that this case be dismissed without prejudice for failure to prosecute. Furthermore, if the new address Abel provides does not effectuate proper service of process on Dayton under the Federal Rules of Civil Procedure, this Court will also recommend that Abel's case be dismissed without prejudice for failure to prosecute. *See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (stating a litigant's pro se status does not entitle him or her to disregard the Federal Rules of Civil Procedure); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (same).

(Feb. 2018 Order at 2–3) (footnote omitted). The Court also stated that "[p]ursuant to the Federal Rules of Civil Procedure, Abel may also elect to voluntarily dismiss his case. *See* Fed. R. Civ. P. 41(a)." (*Id.* at 3 n.1).

Notwithstanding the Court's specific instructions, Abel has not communicated with the Court in any way, let alone provided the service forms as ordered.

## II.     DISCISSION

### A.     Legal Standard

"A district court may *sua sponte* dismiss an action under Rule 41(b) for the plaintiff's deliberate failure to comply with a court order." *Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006). Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). "[W]hat constitutes a failure to prosecute is not fixed by settled rules, but depends on the particular facts and circumstances in a case." *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975) (internal quotation marks omitted).

### B.     Analysis

Based on the circumstances of this case, the Court concludes that Abel's failure to abide by this Court's Order and his lack of communication generally demonstrates a failure to prosecute. This failure to prosecute warrants dismissal without prejudice. Importantly, Abel was initially engaged in this litigation. He filed multiple motions related to the service issues described above, attempting to move this case forward. *See* (Mot. to Compel) [Doc. No. 18] (requesting the prison at which he is an inmate provide him with certain documents); (Mot. for Enlargement of Time) [Doc. No. 19] (seeking additional time to perfect service); (Mot. for

Enlargement of Time) [Doc. No. 28] (seeking additional time to perfect service after the leasing office declined to provide the summons to Dayton); (Mot. Requesting Leave From the Court to Proceed Prior to the 26(f) Conference) [Doc. No. 29] (asking the Court to subpoena the leasing office and require that it provide Dayton's residential address). Furthermore, Abel filed a letter with the Court requesting an update regard his case. *See* (Letter Dated Aug. 18, 2017) [Doc. No. 26] (asking the Clerk's Office for a status update because he was "worried about the time allowed for Service of Complaint"). After the February 2018 Order, however, Abel has not communicated with the Court and has not provided the service information as ordered. The Court issued its February 2018 Order over ninety days ago and Abel has not communicated with the Court in over 180 days. At bottom, Abel's failure to abide by this Court's Order and failure generally to communicate with the Court regarding this case "demonstrates a lack of interest in this case and an abandonment of his claims." *Cf. In re Baycol Prod. Litig.*, MDL No. 1431 (MJD/SRN), 2007 WL 3028272, at *2 (D. Minn. Oct. 15, 2007) (Nelson, Mag. J., as adopted by Davis, J.). Consequently, the Court recommends that this case be dismissed without prejudice for failure to prosecute.

### III.    RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this case be **DISMISSED without prejudice** for failure to prosecute.

Dated: May 15, 2018                                *s/Steven E. Rau*
                                                                   STEVEN E. RAU
                                                                   United States Magistrate Judge

## Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).